IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-687-BO

| | |
|---|---|
| MELANIE HUGHES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on the parties' cross motions for judgment on the pleadings [DE 19 & 26]. A hearing on this matter was held in Raleigh, North Carolina on December 12, 2013 at 11:00 a.m. For the reasons detailed below, plaintiff's motion is DENIED and defendant's motion is GRANTED. The decision of the Commissioner is AFFIRMED.

## BACKGROUND

Ms. Hughes applied for disability insurance benefits on October 26, 2009, alleging an onset date of January 1, 2009. Her claim was denied initially and upon reconsideration. After a hearing on February 17, 2011, an Administrative Law Judge ("ALJ") denied plaintiff's claim on June 24, 2011. The Appeals Council denied review on August 22, 2012 rendering the ALJ's opinion the final decision of the commissioner. The plaintiff commenced a civil action in this Court on October 20, 2012.

## DISCUSSION

Pursuant to the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the Commissioner's decision, as a

whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citing *Richardson v. Pearles*, 402 U.S. 389, 390 (1971)). "'[S]upported by substantial evidence' means 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Pearles*, 402 U.S. at 401). Regulations establish a five-step sequential evaluation process to be followed when determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520 and 416.920. "The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five." *Rogers v. Barnhart*, 216 Fed. App'x 345, 348 (4th Cit. 2007) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

Plaintiff complains that the ALJ incorrectly evaluated the opinion evidence and erred in evaluating Ms. Hughes's credibility. Plaintiff asks that the Court reverse the decision of the Commissioner and remand for benefits, or remand for further proceedings in order to correct the alleged errors. Defendant argues that the Commissioner's decision is supported by substantial evidence and therefore should be affirmed.

Plaintiff alleges that the ALJ's analysis of the opinion evidence is flawed because he did failed to state what weight he gave to Dr. VanDyck's opinion and failed to apply the appropriate criteria to this opinion as well as the opinions of Dr. Levitt, Dr. Cox, and Dr. Nelson.

According to plaintiff, the ALJ's two primary reasons for rejecting Dr. VanDyck's opinion were that it was "outside the period in question" and that "the doctor's own reports, during the period in question, failed to reveal the type of significant clinical and laboratory abnormalities one could expect if the claimant were in fact disabled, and the doctor did not specifically address this weakness in his treatment period." [Tr. 33–34]. The ALJ denied "controlling weight" for Dr. VanDyck's opinion. [Tr. 34].

2

This Court finds that the ALJ's decision in regards to Dr. VanDyck's opinion is supported by the substantial evidence. Defendant aptly notes the discrepancies in plaintiff's behavior and well-being that is reported by Dr. VanDyck according to her home situation and relationship with drugs. In July 2008, Dr. VanDyck reports that plaintiff was working, her mood was stable, and she was non-psychotic. [Tr. 331]. At this time she had stopped using illegal drugs and alcohol. *Id.* By October 2008, plaintiff reported that she was still working, had moved in a hope to get her children back, and was looking for additional jobs. [Tr. 330]. Soon thereafter, Dr. VanDyck reported that things began to unravel. Plaintiff was moderately depressed, started to spend time with her children, but found that stressful, and her relationship with her husband was beginning to deteriorate. [Tr. 324–329]. By July 2009, plaintiff was again looking for jobs. [Tr. 324]. Dr. VanDyck's February 2011 report was made more than one year after plaintiff's date last insured. Despite this, the ALJ did not "automatically bar" the opinion from consideration as plaintiff claims. Evidence in the record suggests that plaintiff suffered from lapses in her condition, but recovered when she regained sobriety and distance from her husband. Finally, Dr. VanDyck's reports from 2010 show plaintiff returning to normal and consistently improving. These records contradict the doctor's later opinion that she showed no change in the two years he treated her prior to 2011. Dr. VanDyck's failure to make distinctions related to Ms. Hughes's condition when she was using versus not using crack and when she was dealing with versus not dealing with her husband justifies the ALJ's decision to not afford his opinion controlling weight. Dr. Levitt's opinion in December 2009 [Tr. 372–75] supports the ALJ's decision in that Dr. Levitt found plaintiff to be doing pretty well at the time and was engaged in exceptional daily activities.

3

The plaintiff objects to the ALJ's rejection of the opinions of Dr. Levitt that plaintiff would not be able to handle day-to-day work stress and pressure. However, the ALJ's decision is again supported by substantial evidence. Dr. Levitt based his opinion solely on the claimant's subjective report. The ALJ rejected this because he found that she had not been completely truthful with Dr. Levitt by comparing the date of her self-admitted last use of drugs (July 2009) with what she told Dr. Levitt (2007). This is adequately supported in the record. The ALJ's consideration of the record and of physicians' opinions was thorough and the corresponding weight he assigned to them is supported by substantial evidence.

Plaintiff next attacks the ALJ's credibility determination. This Court finds that the ALJ's credibility determination is supported by substantial evidence. First, the ALJ noted the alleged condition which purported to produce pain. Second, the ALJ looked at the reports and opinions of doctors as well as the plaintiff's own testimony and appearance at the hearing to determine that plaintiff's claimed pain was not consistent with her daily activities, the recommendations of her doctors, or her physical appearance. Therefore, he found her testimony regarding the effect of pain on her daily life to lack credibility. This decision is discussed in detail in the ALJ's opinion and substantial evidence in the record supports it.

The plaintiff's argument on the Seventh Circuit's decision in *Shauger v. Astrue*, 675 F.3d 690 (7th Cir. 2012) is unavailing. It is obvious from the ALJ's decision that he discussed and analyzed the evidence and did not rely on his RFC determination in order to adjudge plaintiff's credibility.

The ALJ carefully considered all of the evidence in the record in making the determination that plaintiff is not disabled. The ALJ's findings are supported by substantial

4

evidence, and, as such, it is proper to affirm the ALJ's determination that the claimant is not disabled and not entitled to benefits.

## **CONCLUSION**

For the reasons outlined above, defendant's motion for judgment on the pleadings is GRANTED and plaintiff's motion is DENIED. The decision of the Commissioner is AFFIRMED. The clerk is directed to close the file.

SO ORDERED.

This, the 16 day of December, 2013.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE